JEFF HAYTER v. THE STATE.

No. 3178. Decided June 24, 1914.

Rehearing denied October 14, 1914.

**1.—Assault to Rape—Sufficiency of the Evidence.**

Where, upon trial of assault to rape, the evidence was sufficient to sustain the conviction, under a proper charge of the court, there was no reversible error.

**2.—Same—Misconduct of Jury—Mob Law.**

Where the appellant complained that outside influence from a mob affected the jury, and the record showed that the court below heard evidence on that issue and decided against it, it must be presumed in the absence of such evidence that the trial court correctly decided that question.

Appeal from the District Court of Falls. Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of assault with intent to rape; penalty, ten years imprisonment in the penitentiary.

The State proved by the female alleged to have been assaulted that she was at home alone on the night of the alleged assault and in her room asleep; that the doors and windows were closed and that the door

through which her assailant entered was broken open; that she was awakened by some noise about midnight and that her assailant grabbed her by the throat while she was trying to raise up in bed, and attempted to throttle her; that she asked him to let her go, and he told her to hush and be still; that she finally struggled and got loose from him, and he left the room; that during the struggle, she got her hand on his head and felt by his hair that he was a negro; that her money purse, etc., was unmolested when she arose and made a light; that she found that she had been struck on the head and that she was bleeding, and that there was blood all over the bed.

While the lady could not identify her assailant, the State proved by one of its witnesses that he saw the defendant in the neighborhood of the scene of the crime shortly after it occurred, and that he was carrying a certain grip; that this grip was afterwards found and contained a pair of defendant's trousers; that these had splotches of human blood on them; that defendant, when asked to explain about the splotches, said that they had been made by some red paint, or that they might have been produced while he was killing an opossum and that the opossum's blood got on the pants; but the State proved that these splotches were human blood, by an expert. There were other circumstances tending to show that the defendant was the party who committed the assault.

The defendant, who was a negro, testified that he was at the house of a friend during all the night the assault was committed; but his friend testified that he had occasion to get up during the night and to enter defendant's room in which he had gone to bed, and found that he was not in bed and absent from the room, about two o'clock that night; that later in the morning the defendant was there for breakfast, etc.

The State also showed that the female alleged to have been injured was badly wounded on the head, and bleeding shortly after the occurrence and that there was some indication that her assailant got on her bed, etc.

*A. T. Russell,* for appellant.—On question of insufficiency of the evidence: Irvin v. State, 7 Texas Crim. App., 109; Perkins v. State, 32 Texas, 109; White v. State, 36 id., 347; Jones v. State, 18 Texas Crim. App., 485; Peterson v. State, 14 id., 162.

*C. E. Lane,* Assistant Atorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of an assault to rape and his punishment assessed at ten years in the penitentiary.

The sole question appellant presents in his brief is, his contention that the evidence is insufficient to sustain the verdict. We have carefully read and studied the evidence. It is unnecessary to recite it. The

court gave a correct charge. He also submitted everything that the evidence raised in appellant's favor. The jury decided every issue against him. In our opinion the evidence is sufficient to sustain the verdict and we would not be authorized to reverse the case on that account.

One other question is suggested and that is that outside influences from a mob affected the jury. The record shows that the court heard evidence on that issue and decided it against appellant. We are in no way furnished with the evidence. We must presume that the court correctly decided the question. The judgment is affirmed.

*Affirmed.*

[Rehearing denied October 14, 1914.—Reporter.]